UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                    Case No. 8:07-CR-25-T-27AAS

**TYDEARAIN SMITH**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Reconsideration of Order Denying Relief Under the First Step Act of 2018 and the United States' Response in Opposition (Dkts. 136, 141). After considering the substantive arguments presented by Defendant and the United States, the court declines to reconsider its conclusion that Defendant is ineligible for a sentence reduction under the First Step Act, and alternatively, finds that even if eligible, a sentence reduction is not warranted. Accordingly, Defendant's motion is **DENIED**.[1]

Defendant moved *pro se* for a reduction in sentence under the First Step Act (Dkt. 129). The United States Probation Office submitted a memorandum recommending that he is not eligible for a sentence reduction because "[r]etroactive application of the Fair Sentencing Act does not reduce the applicable penalties" and "after application of the FSA, [he] remains punishable under 21 U.S.C. § 841(b)(1)(B)." (Dkt. 132). This court agreed and determined that Defendant was not eligible for a sentence reduction under the First Step Act because retroactive application of the Fair Sentencing Act does not reduce the statutory penalties he faced in Count One under 21 U.S.C. § 841(b)(1)(B), since

---

[1] Defendant's *pro se* Motion for Reconsideration (Dkt. 135) is likewise DENIED. And Defendant's Motion for Leave to Reply to the United States' Response to Defendant's Motion for Reconsideration (Dkt. 142) is DENIED.

1

he possessed more than 28 grams of cocaine base on November 29, 2016. (Dkt. 134).[2]

Defendant disagrees and seeks reconsideration, citing various district court orders that focus on the statute of conviction rather than a defendant's actual conduct in determining eligibility for a sentence reduction under the First Step Act. The United States counters that retroactive application of the FSA "does not modify Smith's statutory penalty provision," since by virtue of the stipulated quantity of cocaine base, he remains punishable under §841(b)(1)(B). While the conclusion of the United States that retroactive application of the FSA does not reduce the statutory penalties Defendant faced is correct, its reasoning that Defendant was not sentenced for a "covered offense" as defined by the First Step Act is suspect.

Under Section 404(b) of the First Step Act of 2018, a court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Under Section 404(a), a " 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August 3, 2010."

Relevant here, Section 2 of the FSA increased the threshold quantities of crack cocaine required to trigger the minimum mandatory penalties for violations of § 841(a) (from 5 grams to 28 grams for the penalties prescribed by § 841(b)(1)(B)). Since a "covered offense" is defined as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," and the statutory penalties applicable to cocaine offenses involving 28 grams or more were modified by the FSA, the offense for which Defendant stands convicted is a "covered offense" under Section 404 of the First Step Act. But the analysis cannot

---

[2] In lieu of testimony by a chemist, Defendant stipulated that the crack cocaine he was charged with conspiring to possess weighed 30.1 grams and was 94% pure (Dkt. 18). The jury convicted him of both counts charged in the indictment and found that the offense involved five grams or more of cocaine base (Dkt. 47).

2

logically stop there. Even if Section 2 of the FSA was in effect when he was sentenced, the penalties would have been the same and there would be no justification for a reduced sentence. As I read the First Step Act, while a reduced sentence may be authorized, it certainly is not mandated, particularly where, as here, the same statutory penalties apply.

Defendant's eligibility for a sentence reduction depends on whether retroactive application of the FSA reduces the penalties he faced. It does not. The penalties for § 841(a) offenses are prescribed by § 841(b) and generally driven by drug type and quantity. Considering the quantity of cocaine base Defendant stipulated to, retroactive application of the FSA does not modify the statutory penalties he faced because the penalties under §841(b)(1)(B) remain unchanged. He is not, therefore, eligible for a sentence reduction.

Alternatively, even if eligible for a sentence reduction, I decline to reduce his sentence. Defendant was convicted after a jury trial. His sentence was enhanced because he committed perjury when testifying (Dkt. 72 at 17-20). He brandished a firearm during a drug trafficking crime, attempted to flee the arresting officers, and assaulted the arresting officer by pointing the firearm at him. (PSR at §§ 10, 11, 23). He stipulated that the cocaine base for which he is accountable is 94% pure. He has prior juvenile convictions for cocaine sales and an adult conviction for possession of cocaine (PSR at §§ 31, 32, 35). He has received the benefit of two sentence reductions by virtue of retroactive amendments to the sentencing guidelines. His 135 month sentence on Count One is well below the statutory maximum and at the low end of the advisory guidelines range (Dkt. 119-guideline range of 135-168 months). A further reduction is not warranted.

**DONE AND ORDERED** this 25th day of July, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE
United States District Judge**

Copies to: Defendant, Counsel of Record